PER CURIAM:
*65 Claimant, Hampshire Distributor, Inc., seeks an award of $95.40 from the respondent, Division of Highways, for property damage sustained while trying to avoid an automobile accident on May 24, 1993, on Patterson Creek Road in Mineral County.
From the evidence adduced at the hearing on September 24, 1993, it appears that Clarence Hesse, a driver for the claimant, was driving the claimant’s truck from Petersburg to Romney on Patterson Creek Road when he approached a narrow section of the road that has a 20 to 30 foot drop off on the right side. There was a reflector sign at the drop off point. As the driver approached the narrow section of the road, an oncoming pickup truck was traveling over the center line and was in the driver’s lane of traffic. The driver had two choices: either hit the pickup truck head-on or pull over as far as he could to the right side of the road and hit the reflector sign. He chose to hit the sign and in the process he damaged the mirror on the side of the truck and broke the glass out of the window.
The driver had traveled this road prior to this incident; however, he had never had cause to pull over in an emergency situation. The driver stated that he did not have time to stop his vehicle before the impact because at the time that he saw the oncoming truck he was already in a narrow section of the road.
In prior decisions, this Court has held that a lower standard of care and maintenance is required for the berm or shoulder of a public road than for the regularly traveled portion of the road, this being the so-called New Y ork rule. An exception to the rule, recognized both in New Y ork and West Virginia, is that the higher standard of care and maintenance required for the traveled portion of the road will be applied for the shoulder when an emergency requires it. See Retzel v. State, 94 Misc.2d 562, 405 N.Y.S.2d (1978). In the present case, the driver of the oncoming truck was driving over the center line and in the claimant’s driver’s lane of traffic, placing the claimant’s driver in a state of emergency. The respondent had actual notice of the defective condition of the road and did not construct a berm area for emergency conditions.
This Court finds by a preponderance of the evidence that the respondent was guilty of negligence. Accordingly, this Court makes an award of $95.40 to claimant for the damages to its truck.
Award of $95.40.